IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILEY TOLER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-13-1025-F |
| JEFFERY TROUTT, D.O., and KATRYNA FRECH, in her Individual and Official Capacities, | ) ) ) ) | |
| Defendants. | ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff Wiley Toler, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Before the Court is Plaintiff's Motion for a Preliminary Injunction, **ECF No. 22**. It was previously recommended that Plaintiff's Motion be denied. On September 18, 2014, United States District Judge Stephen P. Friot entered the following order with regard to that recommendation:

> Plaintiff's objections to the Report are **ACCEPTED** to the limited extent that the court has now found the issues raised by plaintiff's motion are appropriate for further review by the magistrate judge with the benefit of a more complete record than was previously available. The existing Report is **MOOT** because a new or amended Report will be issued, and the motion for preliminary relief remains pending before the magistrate judge. That motion may be ruled on separately, or if the magistrate judge determines it is appropriate to do so, it may be ruled on with any other motions pending

> before the magistrate judge. Nothing stated in this order is intended to predict the result with respect to the motion upon reconsideration by the magistrate judge, or with respect to the broader issues in this case.

ECF No. 50:4.

Also before the Court is Plaintiff's "Writ Of Prohibition/Judicial Notice." **ECF No. 51**, (Notice). Therein, Plaintiff states that on August 12, 2014, Defendant Troutt's supervisor, Dr. Welch, gave Plaintiff a six-month prescription for Neurontin. ECF No. 51:1-2. He states that it is his understanding that Defendant Troutt does not renew such orders. ECF No. 51:2.

In his Notice, Plaintiff states that there is no administrative avenue available to him to request that the prescription remain in place until his action is resolved, because such administrative requests are being returned unanswered due to the pendency of this litigation. ECF No. 51:1. Plaintiff states that since his Neurontin prescription has been renewed his condition has "greatly improved." ECF No. 51:1.

## I. BACKGROUND

The background underlying Plaintiff's motion for preliminary injunction was fully set out in the undersigned magistrate judge's previous Report and Recommendation, ECF No. 47, and will not be repeated here. In summary, Plaintiff challenges the medical treatment he has received from Defendant Jeffrey Troutt, D.O., to alleviate Plaintiff's back pain. The crux of Plaintiff's claim is that Defendant Troutt refused to continue to prescribe the drug Neurontin after Plaintiff was transferred from another correctional facility to the James Crabtree Correctional Center on April 23, 2013. ECF No. 1:4.

## II. STANDARD FOR GRANTING PRELIMINARY INJUNCTION

To obtain a preliminary injunction, a party must establish: (1) "a substantial likelihood of success on the merits;" (2) "irreparable harm to the movant if the injunction is denied;" (3) "the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party;" and (4) "the injunction, if issued, will not adversely affect the public interest." *General Motors Corp. v. Urban Gorilla, LLC,* 500 F.3d 1222, 1226 (10th Cir. 2007). The Prison Litigation Reform Act (PLRA) sets forth additional criteria for prospective relief regarding prison conditions:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief

18 U.S.C. § 3626(a)(1).

## III. ANALYSIS

First, the undersigned magistrate judge finds Plaintiff's previous motion for a preliminary injunction, ECF No. 22, to be MOOT for two reasons. One, the specific relief sought by that motion was an order requiring that Plaintiff be prescribed Neurontin.[1] Plaintiff is now apparently receiving his Neurontin prescription, thus as a practical

---

[1] Plaintiff specifically requested the amount prescribed by an outside physician, 1600 mgs of Neurontin twice daily. ECF No. 22:1.

matter, there is no preliminary relief left to be granted. Two, Plaintiff's initial request for preliminary relief would have altered the status quo: one of three types of specifically disfavored preliminary injunctions, and which impose "a heightened burden of showing that the traditional four factors weigh heavily and compellingly in its favor before obtaining a preliminary injunction." *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012). Thus, because the standards governing the motion now before the Court are more lenient than those applicable to his previous request, the current motion should be considered as superseding ECF No. 22.

Second, the Notice now before the Court is hereby construed as a motion, ECF No. 51, for an injunction to prohibit discontinuation of Plaintiff's Neurontin prescription during the pendency of this action. Although Plaintiff has styled this motion, in part, as one for a "writ of prohibition," that writ is not available in this action. A writ of prohibition is a means of confining an inferior court to a lawful exercise of its prescribed jurisdiction. *O'Connor v. United States*, 72 F. App'x 768, 771 (10th Cir. 2003). That the function of a writ of prohibition is to correct a lower court's exercise of jurisdiction is illustrated by the Tenth Circuit Court of Appeals test for granting the writ:

> [A] writ of prohibition is a drastic and extraordinary remedy which should be granted only when the petitioner has shown his right to the writ to be clear and undisputable and that the actions of the court were a clear abuse of discretion." This court looks to five nonconclusive factors when determining whether to grant the writ: (1) the party seeking the writ must have no other adequate means to secure the relief desired; (2) the petitioning party will be damaged or

> prejudiced in a way not correctable on appeal; (3) the district court's order constitutes an abuse of discretion; (4) the district court's order represents an often-repeated error and manifests a persistent disregard of the federal rules; and (5) the district court's order raises new and important problems or issues of law of first impression.

*Univ. of Texas at Austin v. Vratil*, 96 F.3d 1337, 1339 (10th Cir. 1996) (citations omitted). Based on the clear inapplicability of the writ of prohibition, the undersigned magistrate judge has liberally construed Plaintiff's request to be in the nature of preliminary injunctive relief.

In light of the fact that Plaintiff has now been prescribed Neurontin, and the prescription is to last six months, the undersigned finds that a narrowly-tailored preliminary injunction to maintain the status quo until Defendants can respond to Plaintiff's current motion should be issued. In considering the elements, the undersigned is particularly persuaded that Plaintiff's threatened injury—that is the return of pain related to his serious medical condition if Neurontin is discontinued—outweighs the harm that the preliminary injunction may cause the opposing party. The record before the Court shows that several medical care providers have agreed that Neurontin would be efficacious in treating Plaintiff's condition, and he is now taking the recommended medication.

Furthermore, the undersigned is persuaded that a narrowly-tailored injunction to maintain the status quo for a short time until the matter can be briefed and considered, if issued, will not adversely affect the public interest. *See General Motors Corp. v. Urban Gorilla, LLC,* 500 F.3d 1222, 1226 (10th Cir. 2007). This is particularly true in light of the

unavailability of administrative relief for Plaintiff due to the pendency of this action. *Cf. Turner v. Safley,* 482 U.S. 78, 84–85 (1987) (Supreme Court has clearly cautioned against judicial interference with the daily administration of prisons). That being said, if discontinuation of the medication is considered *medically necessary due to an urgent and adverse impact on Plaintiff's health* prior to the time a response brief can be filed, Defendants may do so if support for such a decision is provided to the Court immediately.

## RECOMMENDATION

In light of the foregoing, it is recommended that Plaintiff's motion for preliminary injunction**, ECF No. 22, BE DENIED AS MOOT.** It is further recommended that Plaintiff's pending motion, **ECF No. 51, be construed as a motion for preliminary injunction to maintain the status quo** by continuing his prescription for Neurontin while this action is pending. **It is further recommended that Defendants be enjoined from discontinuing Plaintiff's prescription of Neurontin by Dr. Welch until they provide a response to the pending motion, and until the motion is decided.** Finally, if discontinuation of Neurontin is considered medically necessary due to an *urgent and adverse impact on Plaintiff's health* prior to the time a response brief can be filed, Defendants may do so if support for such a decision is be provided to the Court immediately.

**Defendants are hereby directed to file a response to ECF No. 51, within (10) ten days of the date of this Report and Recommendation; the response**

**must, at a minimum, specifically address Plaintiff's request that his prescription for Neurontin not be discontinued, if at all, until this action is resolved.**

The parties are hereby advised of their right to file an objection to this Report and Recommendation with the Clerk of Court by **October 17, 2014**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This report and recommendation **does not dispose of all issues** referred to the undersigned magistrate judge in this matter.

**ENTERED** on September 30, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE