IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILEY TOLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-1025-F |
| | ) |
| JEFFERY TROUTT, D.O., and | ) |
| KATRYNA FRECH, in her Individual and | ) |
| Official Capacities, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, has filed this 42 U.S.C. § 1983 action. Pursuant to an order entered by United States District Stephen P. Friot, this matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Before the undersigned is Plaintiff's Motion to Certify as Class Action and Appoint Class Counsel, (ECF No. 33), to which Defendants have responded. (ECF No. 36). For the reasons set forth below, the undersigned recommends that both requests be **DENIED**.

### I. CLASS CERTIFICATION

In order to determine whether an action should proceed as a class action, the court must determine whether the four threshold requirements of Rule 23(a) are met. *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Plaintiff, as the party seeking class certification, "must show under a strict burden of proof that all four requirements are clearly met." *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006)(internal quotation and citation omitted). If those requirements are met, the court must also examine whether the action falls within one of the three categories of suits set forth in Fed. R. Civ. P. 23(b).

In this lawsuit, Plaintiff alleges that Defendants violated his Eighth Amendment rights based on Dr. Troutt's alleged deliberate indifference to Plaintiff's serious medical needs. (ECF No. 1:2). In his current motion, Plaintiff seeks certification of a class comprised of "all Oklahoma inmates incarcerated at the James Crabtree Correctional Center while Dr. Jeffery C. Troutt was the facility physician." (ECF No. 33:2). He contends that the class members share common claims based on "the arbitrary and unjustified discontinuance of previously prescribed medication by the defendants, and the arbitrary denial of pain medication to inmates having a documented or obvious need for such pain medication," as well as "the arbitrary refusal to conduct obviously needed medical testing, either on-site or by an outside medical provider." (ECF No. 33:2). He also attaches affidavits from various inmates who detail their complaints regarding Dr. Troutt's medical care. (ECF No. 33-1:2-24).

Turning first to Rule 23(a)'s numerosity requirement, Plaintiff's proposed class definition includes every inmate incarcerated at JCCC during Dr. Troutt's employment. While that would obviously be a significant number of inmates, there is nothing to suggest that every single inmate has received medical care from Dr. Troutt, that their medical care involved prescribed medication or testing and/or that they each suffered a medical condition that was sufficiently serious as to implicate the Eighth Amendment. *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (noting that in order to support an Eighth Amendment deliberate indifference claim, a plaintiff must show that the harm he complains of is sufficiently serious to merit constitutional protection). Plaintiff's proposed class definition is overly broad at best. It is difficult then to conclude whether any relevant class would be so large as to make joinder impractical. However, it is unnecessary to answer that inquiry with certainty as Plaintiff fails to meet the remaining requirements of Rule 23.

Rule 23(a)(2) requires that there be questions of law or fact common to the class. As noted, Plaintiff's class definition is overly broad and would inherently include members that share absolutely no commonality. However, even if a class were limited to those who received medical care from Dr. Troutt, though such a definition would still be overly broad, the circumstances giving rise to any one class member's potential Eighth Amendment claim would vary so greatly as to make a class action unrealistic. The affidavits Plaintiff submitted in support of his motion for class certification actually highlight the impossibility of resolving these potential claims in a class action setting.

3

An Eighth Amendment deliberate indifference claim includes both an objective component, *i.e.* the plaintiff must have a sufficiently serious medical condition, and a subjective component, *i.e.* the prison official knew of and disregarded an excessive risk to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff's affidavits illustrate varying medical conditions including but not limited to Chrohn's disease, high blood pressure, diabetes, arthritis, allergies and hypertension. (ECF No. 33-1:2-24). Some of the affidavits include allegations of discontinued prescriptions, others a lack of adequate medical testing, and still others a failure to follow dietary restrictions. *Id.* Evaluation of the claims asserted on behalf of Plaintiff's purported class would require examination of each individual's medical condition, as well as the unique circumstances surrounding the medical care administered in order to evaluate the objective and subjective components of a deliberate indifference claim.

Rule 23(a)(2) is not satisfied by generalized allegations of policy failures or systemic deficiencies. *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280 (10th Cir. 1999). Other than being confined at JCCC and having a medical condition of some kind, there is no question of law or fact common to any purported class in this case. No single claim or legal issue could be resolved on a class wide basis.

Additionally, Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class. This standard is closely related to the test for commonality in Rule 23(a)(2). 7A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice & Procedure* § 1764. Plaintiff fails to satisfy the typicality

4

requirement of Rule 23(a)(3) for similar reasons to his failure to satisfy the commonality requirement of (a)(2). *See Shook v. Bd. Of Cnty. Comm'rs of the Cnty of El Paso*, No. 02-cv-00651-RPM, 2006 WL 1801379, at *10 (D. Colo. June 28, 2006), *aff'd*, 543 F.3d 597 (10th Cir. 2008). Plaintiff anticipates that other inmates' claims would arise under the Eighth Amendment, as does his. However, the claims would not be based on any single course of conduct and no legal issue, if resolved, would control the claims of the class. *See id.* Thus, Plaintiff cannot meet the requirements of commonality and typicality in Rule 23(a)(2) and (3).

Finally, Rule 23(a)(4) requires that the representative party will fairly and adequately protect the interests of the class. A litigant who appears without counsel may not assert the claims of others or represent a class "because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire and CA's. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)(internal quotation marks omitted). Plaintiff seemingly acknowledges that he cannot adequately represent a class and requests appointment of counsel. (ECF No. 33:2). However, as discussed further below, this issue is moot as Plaintiff is unable to meet the remaining requirements of Rule 23(a).

### II. APPOINTMENT OF COUNSEL

Within this Motion, Plaintiff seeks appointment of counsel solely for the class. (ECF No. 33:2). If lack of counsel were the sole impediment to certification, the Court should consider a request for counsel to represent the plaintiff. *See Cruz v. Estelle*, 497

F.2d 496, 499 (5th Cir. 1974). However, because the undersigned has recommended denial of class certification, the Court should deny the Plaintiff's request for appointment of counsel.

Based on the foregoing findings, it is recommended that Plaintiff's Motion to Certify As Class Action and Appoint Class Counsel **(ECF No. 33)** be **DENIED**. Plaintiff is advised that he may file an objection to this Report and Recommendation with the Clerk of this Court by **March 9, 2015**. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **does not** dispose of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on February 20, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE