# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILEY TOLER, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>JEFFERY TROUTT, D.O., and )<br>KATRYNA FRECH, in her Individual )<br>and Official Capacities, )<br>)<br>    Defendants. ) | Case No. CIV-13-1025-F |

## ORDER

Plaintiff Wiley Toler, appearing *pro se*, brings this action under 42 U.S.C. §1983. Plaintiff's filings are liberally construed.

Two Reports and Recommendations of Magistrate Judge Shon T. Erwin are before the court. Doc. nos. 56, 57. Objections have been filed to both Reports. All matters covered in the Reports have been reviewed, including *de novo* review of all objected to matters. All objections have been reviewed, including those which are not individually addressed in this order.

Also before the court is plaintiff's motion to compel discovery responses. Doc. no. 58.

### I. Motion to Compel
### (Doc. no. 58)

Plaintiff moves to compel discovery responses. Doc. no. 58. (This motion was filed after the magistrate judge had filed his Reports and Recommendations, so it is not covered in those Reports.)

Defendants' response brief indicates that in the event the court's ruling on the dispositive motions does not resolve all claims, discovery responses relevant to any

remaining claims will then be provided to plaintiff in a timely manner. Defendants state that they have conveyed this representation to the plaintiff. Defendants also state that much of the material included in plaintiff's discovery requests is included in the Special Report, doc. no. 30. Defendants argue the motion should be denied as premature or because the requested material has been provided in the Special Report. The motion will be **DENIED** as premature.

II. Report and Recommendation on Class Certification Motion

(Doc. no. 56)

The magistrate judge's Report and Recommendation, doc. no. 56 (the Report), recommends the court deny plaintiff's motion to certify this as a class action and deny plaintiff's request for the court to appoint class counsel. Doc. no. 33. Plaintiff objects to these recommendations. Doc. no. 59.

In his objection, plaintiff argues he did not intend to propose a class consisting of all inmates incarcerated at the James Crabtree Correctional Center (JCCC) during Dr. Jeffery C. Troutt's employment. That class definition, however, is almost exactly what plaintiff's motion requested. *See*, doc. no. 33, p. 2 (proposing a class comprised of "all Oklahoma inmates incarcerated at the James Crabtree Correctional Center while Dr. Jeffery C. Troutt was the facility physician"). Although plaintiff now asks the court to certify a different and more limited class, plaintiff did not make these arguments before the Magistrate Judge and they are not considered.[1] Alternatively, if these new arguments for a more limited class were to be considered, they would be

---

[1]The court does not consider arguments or evidence presented for the first time in plaintiff's objection to the Report. *See*, United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001) ("theories raised for the first time in objections to the magistrate judge's report are deemed waived"); Muhleisen v. Principi, 73 Fed. Appx. 320, 322 (10th Cir. 2003) (district court was under no obligation to consider evidence introduced for the first time in an objection to the magistrate judge's recommendation), unpublished.

unpersuasive because each class member's medical circumstances would vary so greatly as to make a class action unrealistic.

After *de novo* review, the court finds that it agrees with the Report of the magistrate judge and that no purpose would be served by stating any further analysis here. Accordingly, plaintiff's objection to the Report and Recommendation of the magistrate judge will be **DENIED**, and the Report and Recommendation at doc. no. 56 will be **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Plaintiff's motion for class certification and appointment of counsel to represent the class, doc. no. 33, will be **DENIED**.

### III. Report and Recommendation Concerning Dispositive Motions
### (Doc. no. 57)

The magistrate judge entered a Report and Recommendation at doc. no. 57 (the Report), recommending rulings on dispositive motions. The motions which this Report addresses are: defendants' motion to dismiss, or in the alternative for summary judgment, doc. no. 31; and plaintiff's motion for summary judgment, doc. no. 37. Plaintiff objects to the recommendations contained in the Report, in various respects. Doc. no. 60. Defendants also object on several grounds. Doc. no. 61. Plaintiff has also filed a reply to defendants' objections. Doc. no. 63.

Upon review, the court finds that it agrees with the recommended rulings and that no further discussion is necessary with regard to most of the parties' objections, but that it would be helpful to briefly address a few of the objections.

Plaintiff objects to language in the Report stating that plaintiff "did not indicate in his Complaint whether he intended to name each Defendant in both their individual and official capacities...." The caption of the complaint suggests defendants are named in both capacities, and plaintiff's pleadings are liberally construed. Accordingly, this objection is **GRANTED**. The Report will be **ADOPTED** but

**MODIFIED** to delete the objected to phrase, which occurs on p. 4 of the Report. This objection, although granted, does not change any results.

Plaintiff objects to the Report's dismissal of all official capacity claims, rather than to dismissal of only those official capacity claims which seek monetary damages. Plaintiff notes that his claims include non-monetary claims, such as claims for prospective injunctive relief. Plaintiff's argument is that the recommended dismissal at the end of the Report is too broad because, as stated there, dismissal is not limited to only those official capacity claims which seek monetary relief. This objection is **GRANTED**. Accordingly, the court will **ADOPT** the Report's recommendation regarding the official capacity claims as stated on p. 5 of the Report, rather than as stated at the end of the Report, at p. 21. As recommended on p. 5 of the Report, the court will dismiss those official capacity claims that seek monetary relief, with prejudice, on eleventh amendment grounds.

Plaintiff objects to dismissal of claims alleged in counts two and three, arguing, among other things, that he invoked supplemental jurisdiction and intended to allege state law claims in these counts. As noted in the Report, the state statutes which plaintiff relies on do not provide a state law cause of action. *See*, doc. no. 57, p. 3, n.1. (addressing various state statutes relied on by the plaintiff, as part of the Report's discussion of count three; including 76 O.S. 2011 § 21, the statute relied on by plaintiff in the portion of his objection which relates to a state law claim for purposes of count two). This objection will be **DENIED**.

Defendants object to the Report's recommendation on various grounds, including the Report's recommendation that Dr. Troutt's motion for summary judgment be denied with respect to plaintiff's eighth amendment claim (count one). Count one alleges deliberate indifference on the part of Dr. Troutt for failure to continue plaintiff's Neurontin prescription as treatment for plaintiff's pain.

Defendants argue that plaintiff did not exhaust his administrative remedies with respect to this count.

As noted in the Report, defendants concede that plaintiff submitted two grievances "all the way through the appeals process," one of which was JCCC-13-74B. Doc. no. 57, p. 11, quoting defendants' motion. Defendants, however, take issue with the Report's conclusion that grievance JCCC-13-74B sufficiently relates to plaintiff's eighth amendment claim so as to constitute exhaustion for purposes of this action. Defendants argue the only relief requested in JCCC-13-74B is an *explanation* for the change in plaintiff's medication. In other words, defendants contend plaintiff was merely requesting an answer to plaintiff's question (why didn't Dr. Troutt continue my Neurontin prescription?), as opposed grieving the fact that Dr. Troutt did not continue plaintiff's Neurontin prescription.

When this exhaustion issue was before the magistrate judge, plaintiff argued that this grievance "is central to this case." Doc. no. 34, p.6. The Report concluded that grievance JCCC-13-74B "specifically relates to Plaintiff's Eighth Amendment claim." Doc. no. 57, p. 11.

While this grievance refers several times to plaintiff's request for an "answer" to his question regarding why he was not prescribed Neurontin, this grievance also includes the following statement.

> I saw doctor Troutt on 6-17-13 again no answer. And <u>he did not give me any medication for pain at all</u> after I submitted a request for medical services on 6-10-13 and asked Dr. Troutt.

Doc. no. 30-2, p. 35, emphasis added. Thus, even on its face, the grievance is broader than defendants' arguments suggest. Defendants attempt to parse grievance JCCC-13-74B too finely. There is not much difference (other than arguably a rhetorical one) between a request for an explanation as to why a particular pain medication was discontinued, and a request to continue that pain medication.

Moreover, the Report notes that plaintiff made other attempts to utilize the grievance process. Doc. no. 57, p. 12. Although the magistrate judge found it unnecessary to address most of these other attempts, the Report reminded defendants that when officials thwart or hinder an inmate's ability to utilize the grievance procedure, the court will excuse a subsequent failure to exhaust. *Id.* at p. 13. The record reveals that plaintiff made numerous attempts to grieve the issue he now pursues in count one, and that his grievances were often rejected on technical, procedural grounds.

To the extent that defendants' objection to the Report is based on the argument that, as a matter of law, plaintiff failed to exhaust administrative remedies, defendants' objection will be **DENIED**.

All of the parties' other objections will be **DENIED**, none of which require further discussion here.

### III. Conclusion

Plaintiff's motion to compel is **DENIED** as premature. Doc. no. 58.

Plaintiff's objections to the Report at doc. no. 56 are **DENIED**. Doc. no. 59.

Plaintiff's objections to the Report at doc. no. 57 are **GRANTED IN PART AND DENIED IN PART**, as stated in this order. Doc. nos. 60, 63.

Defendants' objections to the Report at doc. no. 57 are **DENIED**. Doc. no. 61.

The Reports at doc. nos. 56 and 57 are **ACCEPTED**, **ADOPTED** and **AFFIRMED**, although doc. no. 57 is **ADOPTED** with the minor modification and clarification noted earlier in this order.

In accordance with the above, the court rules as follows on the remaining motions.

As recommended in the Report at doc. no. 56, plaintiff's motion to certify this action as a class action and for appointment of class counsel is **DENIED**. Doc. no. 33.

As recommended in the report at doc. no. 57, defendants' motion for dismissal or in the alternative for summary judgment, doc. no. 31, is **GRANTED IN PART** and **DENIED IN PART**. More specifically, defendants' motion to dismiss with prejudice all claims for monetary relief alleged against defendants in their official capacities, and defendants' motion to dismiss counts two and three for failure to state a claim, is **GRANTED**; defendant Frech's motion for summary judgment on plaintiff's eighth amendment claim is **GRANTED**; and Dr. Troutt's motion for summary judgment on plaintiff's eighth amendment claim is **DENIED**.

Plaintiff's motion for summary judgment is **DENIED** in its entirety. Doc. no. 37.

The only count which survives this order is count one, alleging deliberate indifference to plaintiff's need for pain medication, specifically Neurontin, in violation of the Eight Amendment. Count one survives to the extent that it is alleged against Dr. Troutt in his individual capacity, and to the extent, if any, that there is a need for non-monetary relief with respect to this claim as it is alleged against the defendants in their official capacities.

With regard to non-monetary relief, the court notes that the complaint seeks compensatory damages, punitive damages, declaratory relief (a declaration that plaintiff's constitutional rights have been violated), and prospective injunctive relief (to ensure that plaintiff is provided with adequate pain medication going forward). It is the court's understanding that plaintiff is currently receiving Neurontin and that Dr. Troutt does not intend to discontinue plaintiff's prescription. *See*, doc. no. 57, p.

16, n.3.  However, the extent to which any non-monetary relief may be moot is an issue which is beyond the scope of this order.

This case will be set for a status and scheduling conference, by separate order.

Dated this 26th day of March, 2015.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-1025p004.wpd